The opinion of the Court was delivered by
Johnston, Ch.
The plaintiff’s appeal appears to be met by the case of McCorkle vs. Black, (7 Rich. Eq., 407 ;) and, as counsel have not attempted to distinguish between this case and that, I shall say no more on that ground of appeal.
The principal controversy has been upon the appeal of the defendants.
The effect of the will is to give a life estate to the testator’s daughters, (one-half to each,) in the body of the estate:— which, necessarily, vested in them the income attached to the estate given, during its continuance in them. In certain contingencies the remainder is given to their issue, as purchasers, or to the brothers and sisters of the testator. The daughters, — being only tenants for life, — have no interest, whatever, in the remainder given to their issue, more than in that which is given to the brothers and sisters, or more than if it had been given to entire strangers. The life estates and remainders are entirely distinct interests; and the owners of both are equally entitled to the full benefit of what is given them; and to the protection of the law fos its enjoyment, undisturbed and undiminished by the claims of each other. In other words, as between the daughters, in this case, and *81 the remaindermen, the same rule must prevail which obtains in ordinary cases between life-tenant and remainderman.
Í may observe, by the way, that life estates are so much favored, that in certain cases, by construction of the statute of 1789, the life-tenant’s estate is protracted to the end of the year in which he may happen to die, and the income of that year added to his estate. Leverett vs. Leverett, 2 McC. Ch., 84 ; and see Stock vs. Parker, Id., 376.
The testator having given, in this case, no direction respecting his debts, the question is raised whether they are dis-chargeable out of the income, which was the sole interest the daughters had; or out of the corpus of the estate, so as to throw the burden equitably on all parties, remaindermen as well as life-tenants.
In McCaw vs. Blewit, 2 McC. Ch., 90, 91, a line of decision was taken up, in relation to intestate estates, which has been followed ever since. In that case it was held that the valuation of advancements, with a view to partition, must be referred to the time of the intestate’s death. This was necessary to ascertain the exact amount of each distributee’s share, which fell to him at the same time.
In Morton vs. Caldwell, 3 Strob. Eq., 161, the same principle was applied to the debts of the intestate : and it appears to me that it would be difficult to set aside the reasoning in. that case, going to shew that the creditor’s interest on the-one hand, and on the other hand the right of distributees) 'attach on the assets as then existing. Id., 164, et seq.
The same conclusion, upon principle, must apply, as respects debts, in cases of testacy; and, indeed, it is remarked-in Duncan vs. Tobin, Dudley Eq., 165, that, substantially, and equitably, the creditors of a testator’s estate, own a portion of the estate proportioned to their claims at testator’s death, and the residue only belongs to the legatees.
Bearing this principle in mind, let us endeavor to apply it, as it must operate between life-tenant and remainderman. The rule as between such parties, arising from debts of the *82 testator, is well stated in Warley vs. Warley, Bail. Eq., 398, to the effect, that the life-tenant must keep down the interest: — and, if the debts are to be paid, such part of the estate as is necessary for the purpose, — or, if indivisible, the whole, must be sold, and the surplus, after paying debts, should be invested to the uses of the will. (See, also, what is said, on the same subject, in Duncan vs. Tobin, supra.)
It has been urged that a prudent man would pay his debts out of the income rather than the corpus of his estate: and the same course should be pursued by his executor. I merely ask, does general experience prove that those who prefer to procrastinate and pay out of income are really prudent ? Would prudent men generally give such a direction in an exigency such as death ? And would it do to depend on ordinary executors to pursue such a course ? But it is sufficient for this case to say that the testator has given no such direction : and the ordinary rule must prevail.
I regard this question as settled, in principle, by the case of Duncan vs. Tobin. The only apparent distinction between this case arid that, is, that in that case the income alone is the subject of the express gift for life, by the testator; whereas in this, the corpus is given for life, leaving the income to accrue as the necessary consequence. But it is not easy to perceive why the benefits actually conferred by the will should be less or more protected on account of the mere form in which they are conferred.
It is ordered, that the decree be affirmed, and the appeals' dismissed.
Uunicin and Warduaw, CC., concurred.

Decree affirmed.